I'd like to reserve two minutes for reply. This is a case about pleading. It's not about evidence. It's not about proof. And that's important because the standards for pleading in a discrimination case are very different than the standards for proof in opposition to a motion for summary judgment or at trial. As noted by the U.S. Supreme Court in Swierkiewicz v. Surema, it's not even necessary to plead a prima facie case for discrimination in order to survive a 12b6 motion. What year was that case? That case was 2002. Haven't the pleading rules changed some? Yes, they have. But why don't you acknowledge what the current standards are? Once again, this was filed in state court and we met the state court standards. You're in federal court now. What are the federal court standards? I don't have it in front of me. But I take it your argument is that your pleading satisfies those standards. Yes, Your Honor. And in particular the standard under Twombly v. Iqbal that requires pleading that has a plausibility component. Yes, I understand that. I don't believe there's an argument here that her pleadings aren't plausible. Going back, with regards to the initial complaint where we had causes of action for continuing violations of FIHA, both continuing discrimination, continuing failure to accommodate a disability, continuing failure to engage in an interactive process of accommodation, and continuing retaliation. The court, as to the initial complaint, ruled that there was no continuing violation and it's our position that the court erred in that. Counsel, if your client, after the 2008 conversations and the decisions made to go to a different locale, never applied for another job until, well I don't think that she's ever applied. Or the pleadings never asserted that she applied for anything. How and what constituted a continuing violation? How would the employer continue to violate the law if she hadn't applied for a job or they didn't even, wouldn't have known from at least 2008 until the time she has her 2010 conversation that she's even interested in another job? That's an excellent question, Your Honor. With regards to the accommodation of a disability, in Jensen v. Wells Fargo, the court makes it very clear that it is the employer's obligation to place an employee in an open position to accommodate them. And it has to be an open conference. But they already taken an action in 2008. They accommodated her. They had accommodated her request that she wanted to locate, relocate. And they, and she agreed to relocate at a different position. So that settled any, it would seem to me that that settled any claim that she had with reference to accommodate her. She agreed to go to a different place with the understanding that she wouldn't be, she wouldn't have the position she had. She would take a position that was a little bit lower than that. So why isn't that over? How does that continue? How does the company continue to look after her complaint and an accommodation which they've already, where they've already made an accommodation to which she has agreed? Your Honor, first of all, to accommodate something adequately or reasonably requires to be placed in a comparable position, which they had not yet done. If you can. Pardon? If you can. But if it's not there, they're not required to create a new position. Yes, but it is an ongoing obligation. Why? Because If years have passed, if your client has not shown an interest in being promoted to a manager position, it's not like the company's supposed to revolve around her, is it? No. However, there's no evidence at this point. This is at the pleading point. But is there even a pleading that your client sought a higher position? Not just wanted it, knew for herself she wanted a higher position, but sought one. Asked the company, applied for one. Well, my understanding of the way UPS did this is people were appointed to the position. There wasn't an application process. You say your understanding. I mean, what does the pleading say? The pleading does not address that, Your Honor. So in other words, the pleading really doesn't allege any adverse action, does it? No, but for a failure to accommodate, adverse action isn't even part of the prima facie case. Well, they accommodated. The concern is they didn't accommodate as much as she wanted, but she understood that when she moved to San Diego. However, it is our position that it's a continuing obligation, and as explained in the... Well, just a minute now. So continuing, so, you know, she asked, well, she agreed to this demotion, right, because the only position was open and so forth, and she moved, and they gave her the position now. What else were they required to do in terms of continuing accommodation? What does the pleading say they were... What does the pleading say they were required to do to accommodate her? That they had a continuing obligation to accommodate. I know. What is that obligation? To do what? That would be something that... To actively search for another job? It doesn't plead that, does it? Your Honor... Well, were they supposed to accommodate? Give her two weeks more vacation a year than anybody else? What did she want in terms of accommodation? There's no allegation, is there? She wanted to be put in a comparable position. Comparable to what? To what she had in San Francisco. But she already gave that up. She agreed to take a lower position. That was as a temporary accommodation? That was the accommodation to her. All right, so what else did she ask in the way of accommodation? She wanted to be put in a comparable position. Did she tell that to the employer? Yes. After she agreed to the demotion, or to the... After she... The company acceded to her request, she had a condition, a physical condition, which her doctor said would be aided by her moving to a different locale. Yes, Your Honor. They accommodated that, and she agreed to that, and she agreed to take a lower position. I guess the question goes back is, what is... What continued to be a violation? How does the Well, they most certainly understood that. They've got to read her mind? No, as of December 2010, they most certainly understood that. When the human resources person told her specifically, we're not going to put you in a comparable position because you already agreed to a lower position. So what they learned in 2010 creates a continuing violation to something that was handled in 2008? Once again, these would be facts that would be put forward in opposition to a motion for summary judgment. At the pleading stage, all that's necessary is that it be plausible. It's not necessary that we prove it with evidence. And the... It's not that it be plausible, that you plausibly allege, right? Yes, Your Honor. But if you look at the recent case of Neely v. City of Santa Monica, which just came out in January and was ordered, 359. The court specifically notes that in cases where there is an issue of reassignment as a reasonable accommodation, the employees have adduced evidence obtained through discovery that vacant positions for which they were qualified existed during the relevant time period, but the employer failed to offer those positions to them. And so it's only through discovery... Judge Clifton pointed out, you know, the pleading standards are federal standards. Well, what the California Court of Appeals says you have to do in state court doesn't matter. You're in federal court now. You know, but as far as substantive law goes, California law... Oh, they're just talking about the kind of allegation you have to make. No, actually, this was a case after summary judgment. Then it doesn't pertain to this case at all, does it? No, Your Honor. What it does pertain to is what needs to be proven after discovery. It's only after discovery that a plaintiff would know what accommodations are available. But that's a state standard. What do you have to do to prove before and after discovery? It's governed by federal law. That's a procedural matter. No, Your Honor, this is a substantive matter of when the continuing violation occurs, and my time is up. No, you're talking about now, you know, on what matters you can wait until after discovery and what matters you have to allege before discovery. That's not a state standard that controls the federal court. It's a federal standard. I respectfully disagree with you, Your Honor. It's an evidentiary issue, true, but it's what is necessary to prove in order to state a cause of action under the state statute, and that is under California law. Thank you. Thank you, Your Honor. We'll hear from defendants. Thank you, Your Honor. Good morning. I'm Claudette Wilson from Wilson Turner Cosmo representing UPS in this case, and it should come as no surprise that we think the district court got this right in making the in more depth. All the comments that the court has made already are basically the things that I'm going to be addressing as well. One is that with regard to the transfer in 2008, the statute of limitations has clearly run with regard to any possible complaints she has in connection with that transfer or in connection with their allegation that they should have moved her to a higher position as soon as one became available. So even though we don't think those are viable claims, even if they were, the statute of limitations has run. Then with regard to the issues that she raised in her... Well, I mean, that's what the district judge concluded, right, that statute had run? Yes. But I don't know. To me, that's kind of an iffy question. That was based... I mean, that was based on, I think, drawing a lot of inferences against the plaintiff, wasn't it? No, Your Honor, I don't think so. I think it was pure, based on the allegations in the complaint, which is that the transfer occurred in 2008, and there's a one-year statute of limitations where they have to file their Department of Fair Employment and Housing complaint. So she would have had to file something in January 2009 if she had a concern about that transfer. She did not file with the DFEH until two years later in January 2011, so a total of three years after the transfer took effect. So with regard to this allegation that there were other positions available that she discovered later that she felt she should have been promoted into, again, she said those were at or around the time of the transfer, so she would have a year, namely until 2009, to raise those issues. And there is a provision in the law that says that if you don't discover facts until after the year has run, you get an additional 90 days. Your argument, it was beyond that year and 90 days. Exactly. So even if you assumed that she didn't know prior to that time, she learned afterwards it was beyond the 90-day extension period. Exactly. And there is... Counsel, I'm troubled by something. I don't know whether it's going to make that much difference, but I am troubled by it. One of the managers here, I guess in San Diego, during her 2010 conversations, according to the complaint, made some sort of statement that she wouldn't be considered as long as she had a complaint. Unfiled. Yes. Now, that sounds to me like some sort of retribution for the fact that she has filed a complaint. What's your best argument on how you still claim insofar as retaliation in 2010 as opposed to what happened in 2008? Well, let me just clarify that there is no attribution of that comment to the 2010 conversation. In the original pleading, in the original complaint, there was this allegation that there was a conversation with Angela Thomas and Nick DeCote in January 2000, or January 2010. And there was no attribution for December 2010. Yes. But that conversation was limited to the issue of she wanted a promotion, and they said that she had accepted the demotion. But I thought in the amended complaint, or one of the complaints that survived, that wasn't part of what the district court determined was dismissed without prejudice, was a retaliation claim. No, that is true, Your Honor. And so surviving that decision is still a pleading with reference to retaliation in 2010 that seems to be supported by a statement that as long as you have this claim pending against this, you're not going to get any promotion. And I'm not disagreeing with you except to the extent that the timing of that alleged comment, which is it was never pled as occurring in 2010. In the amended complaint, it was added as a sort of stand-alone comment, I think it's in paragraph 14, where supposedly Nick DeCote made this comment, but no attribution of time. Well, I know, but this is a fellow in San Diego, right? Yes. So it would have been after the 2008. Yes. All right. And why wouldn't that, if they're saying as long as you have this complaint, we're not going to consider you for any promotions? And there's an allegation that there were positions available and she didn't get it. Wouldn't it have been futile for her to apply for something that she was told the only way you can get that is if you give up your right to complain? Well, part of the problem that we have with that single allegation of retaliatory comment is that we have no context for it. We don't know the time. You're right, we know it's after the lawsuit's filed, but we don't know the timing. We don't know if there was a position pending when that comment was made. Should that lack of knowledge be something at the pleading stage that's inferred against your client or inferred against the plaintiff? Well, I don't think it needs to be inferred. I think they need, their obligation is to allege facts that support a retaliation claim and they haven't done that. They haven't said that she applied for a position and she was denied it. Well, if his comment infers knowledge on his part that she was interested in a promotion because there would be no reason for him to say that to her if he didn't know that and he says, and you can't have it as long as you've got this lawsuit pending against us, how is that not retaliation? Because what he knew based on her allegations is that she had a general, all she's alleged is she expressed a strong interest in a promotion. She did not express an interest in any particular position. So that's- How does that make a difference? I mean, you're hiring for manager positions. Manager positions are at least to some degree fungible. She said she was performing the position of, or the duties of a manager. She'd been a manager before. It's not like her only interest in being a manager, if there are a dozen manager positions, she's not likely to say, I'm only interested in manager number seven. I'm not interested in one through six. She wants to be promoted. And if true, that statement by Mr. Kochek suggests that he knew she wanted to be promoted. And he's saying to her, according to the allegation, that you can't be promoted as long as you've got this claim pending. And there's no allegation that she applied for any position. He already knows she's interested, and we don't know that there's an application system. I mean, you tell me, we've just been told, it's plaintiff's counsel's understanding, there's not an application system that UPS has positions and they go to somebody who's got the next job down and says, are you interested in being a manager? Is that untrue? That is not alleged. I didn't ask that. Is that untrue? That is untrue. That's a common system for promotions in large organizations. Every time they have a manager position, it may not be the case that UPS posts, OK, who's interested? Right. And UPS has a system where they identify people who are available and appropriate for promotion. They have that system. There's nothing alleged that there's an inappropriate system in place. OK, so if UPS goes out and decides for itself who's eligible for promotion and she hasn't been contacted and they know she's interested in being promoted and he says to her, you're not going to be promoted as long as you've got this claim pending. How is that not retaliation? Well, that's what she hasn't alleged. She hasn't alleged that she went through whatever system. I mean, just setting aside our specific facts, she hasn't alleged she went through whatever system UPS has to get promoted and was denied that position because of the filing of the lawsuit. Well, if UPS knows of her interest and UPS has a system whereby they identify employees that they're interested in promoting, what more does she have to allege? She has, well, first of all, she hasn't alleged that. She hasn't said they have a different system of promotion. I complied with that system of promotion. I was denied a position. She didn't do any of those things. She didn't express, I mean, she hasn't alleged she expressed the interest through a specific position. What's implausible about her allegation in the context of UPS's system? Well, she identifies that she expressed a broad interest. She never says she expressed an interest in a particular position. What became clear from the proposed second... Why does it matter? Why does it matter that she's expressed a broad interest but not an interest in manager position number seven? Because basically she hasn't applied for any position, so she hasn't been denied a position. But you haven't told us that UPS has an application system for positions, and there are a lot of organizations that don't. And she would know whether or not they have an application position. And you would too, I presume. Yes, no, of course. And you haven't told us that they have an application position, so why should we assume that they do? Well, and it's not a matter of assumption. It's a matter of her obligation to state it. And I can get into the... I'm happy to get into the facts of the case, but I've been trying to focus on the pleadings. I think you sort of argued earlier that they really don't have a strict application system. In other words, what you said earlier was, well, when a position comes up, the managers talk about it, talk about who's qualified. It seems like there's like an informal pre-qualification system that goes on before any application is even posted. It's not an informal... That's what you... That's what I inferred from what you argued earlier. Okay. As far as the true facts as opposed to the pleadings, there's a system where if somebody's interested in being promoted, they go and they identify themselves as being interested so they can be vetted as to whether or not they're appropriate candidates for a particular position. Don't you think this complaint could be read to allege that, that you let people, her managers, know that she was interested? No. There's no allegation that she... You have to identify your interest in the particular position. Well, if the complaint says that she was told by a supervisor or a, let's see, district manager that she would not be promoted if she had this claim pending, isn't that a reasonable inference that the district manager at least knew of her interest in promotion? Yes, I agree with that. Well, then what more does she have to do to establish that the company knew of her interest in promotion? Well, she has to establish, first of all, that she, they knew of her interest... Okay, we just established that. The complaint alleges as much. That there's someone who knew of her promotion, not necessarily that he's the one making the promotion decision. The complaint alleges as much. The district manager knew of her interest. But it doesn't say that he's the one who's making the hiring decision for any of those eight or ten positions. Why is that her problem? If somebody in a responsible position knows of her interest in promotion, why isn't that a sufficient allegation? It may not be sufficient proof if the company establishes that he's the wrong guy, but the fact that he knows of her interest suggests that somebody responsible in the company knows. It's hard for the company to say, we had no idea she might want to be promoted. I don't think she's stated a claim for retaliation based on that one comment. I think she has a lot more that she needs to establish. What would she need to establish, perhaps? What does she need to allege to plead a retaliation claim? In order to meet the Iqbal and Twomley standards, she needs to basically set out a case that if you looked at it, you'd say this is a legitimate case. And what's implausible about saying, gee, the district manager said as long as I've got this claim pending, I'm not going to be promoted. What else do you have to plead? We don't know when that comment was made. We don't know if the alleged comment was made. We don't know if that was made after all these other promotions were already decided. But why isn't that a retaliation claim all by itself? To make the one comment? Because you have to have an adverse action. There you go. Now there's your answer. Why does she have to plead that she didn't get this job, which would be an adverse employment job, because of that retaliation? Why does she have to plead that as an adverse action if it would have been futile for her to do it, if she was, in other words, in order for her, she wasn't going to be considered anyway? Because she had to either give up her right to have this complaint or be retaliated against if she didn't give up her right. She hasn't alleged. There's no facts. There's one stray comment basically thrown in here that somebody said a bad thing. Okay, I understand that and I agree it's a bad thing. But there's nothing saying that she does not say that that kept her from applying for a position. She just didn't apply. She's not alleging, I was told this comment, therefore I didn't apply because I thought it was futile. I thought that you don't have to apply in certain circumstances where you also apply and you also allege that there's no competitive process. That's the circumstance under which you don't have to apply. Right. But she never said that that's why I didn't apply because there was no competitive process. So she never gets to that exception. A lot of your arguments... That's the Lyons case and that's exactly right. That's a special circumstance. It didn't occur here. It's not planned. I know your time is up, but I have one more question. A lot of your arguments to me seem to go to matters that are more properly addressed at the summary judgment stage at the earliest. But beyond that, even if you believe that the complaint is deficient, these seem like matters that could be addressed in a further amendment to the complaint. Should she be given leave to further amend her complaint? I don't believe so, Your Honor. I mean, she's already tried four times. She did in connection with the original motion, our initial motion for judgment on the pleadings and her motion to amend. She filed a proposed First Amendment complaint that the district judge advisor was not adequate. Then she filed the First Amendment complaint. We brought a motion to dismiss based on that, and she filed a proposed Second Amendment complaint. And the judge looked at that and said, that's not adequate either. So she had four chances with the judge giving quite specific direction, both in the transcript that you received and in her initial order as to what was required to plead it. And basically, they acknowledged they couldn't plead the facts that they needed to plead. But the retaliation claim wasn't one of the claims that the district judge dismissed without prejudice. It dismissed the other four claims that lumped them up together. Right. So my point is, regardless of whether he was allowed time or not allowed time, the discrimination complaint, as it stands, is enough under the pleading rule or it's not. It doesn't make any difference how many times he had an opportunity, because this was an issue that your people were given a judgment on, and it wasn't one that he had a chance to amend. With regard to the retaliation claim? So the pleadings either support a claim or they don't support a claim. As to the retaliation claim, that's right, because that came up in the last complaint. That's correct. But with regard, just in terms of the question about whether or not this should be decided at some further point, and the whole idea of Iqbal and Twombly is that you shouldn't have to go through expensive litigation to address a case where you haven't stated the facts that are necessary to state a plausible claim. And setting aside the retaliation case, which we've spent all our time on, with regard to the disability discrimination and the sex discrimination case, and obviously the failure to accommodate was time-barred. That, in my mind, is just not an issue. But with regard to these new sex discrimination and disability discrimination claims, those she simply has not stated even the elements of a claim under Guz v. Bechtel to say there's any indicia of discrimination based on sex or disability, or that she sought a position and was denied it because of sex or disability. There's no facts that link those two things because she never applied and she never was denied a claim, and there's no indicia in any case that any action that was taken against her was because of her sex or her disability, or that anybody knew that she had a disability, since the only accommodation she required was to be allowed to change physical locations. And since she moved to San Diego, there's no allegation she's had any other limitations or any other request for accommodation. So there's no evidence of knowledge of disability. So essentially none of the elements of stating a claim have been met. I know I'm well over my time, but thank you. I appreciate the extra time, your honors. Mr. Page, we'll give you your two minutes, and I'll ask you to start by addressing the last point made by UPS's counsel, which is what is there in the complaint that establishes a plausible claim for gender or disability discrimination? With regards to gender discrimination, the trial court ruled that the two reasons he was dismissing the gender discrimination case were, one, at the February 2010 meeting, she did not, no one mentioned her gender, even though it was obvious since they were seeing her that she's female. But knowing that she's female doesn't establish a gender discrimination claim. And then subsequent to that, there were ten positions, eight of which were given to men. Now, the judge's other issue with that was... That's it? No, I'm not asking you what the district judge ruled, who I think was a she. I'm asking you what is in there in the complaint that establishes a plausible claim of gender discrimination? And so far you've given me eight out of ten. What else? The timing, your honor. That's it? That's it? So, the claim for gender discrimination, what is there? Once again, the issue there was whether they knew she still had a disability. They knew she had post-traumatic stress disorder. See, the whole point of moving from the Bay Area to San Diego was to get out from under. And there's no allegation that I see in the complaint that she claims she still had a disability they were refusing to accommodate. I believe that... It is alleged at paragraph 13 that they were in fact aware that she had a condition that could lead to a disability, which under the Fair Employment and Housing Act is sufficient allegation of a disability to give rise to a cause of action. Well, they continued to employ her. Your only objection is that they didn't promote her. What is there that plausibly allege a disability? And that would go directly to the HR manager's comment to her at the December meeting that she was not being promoted because she accepted the lower position. So, she knew that as an accommodation to her disability, they had moved her to San Diego. And she was saying that we are now not promoting you because of that. Anything else? I would like to address something I didn't get to address that she brought up with regards to the retaliation. And that is that if you look at paragraph 13, it specifically does say that at the December 8, 2010 meeting, she met with them to discuss a transfer to a managerial position. And that's in the first amended complaint. So, they knew she wanted to be promoted to a managerial position. And it was after she was told that, well, you're not going to get promoted to a managerial position. But there's not an even allegation that at that time there was a managerial position available or that she applied for one. There's an allegation that right after that, there were 10 of them. Well, I thought that there wasn't any specific time period given to those. There was just kind of a general statement. And then there was no statement that she applied for any of them. That is untrue, Your Honor. It says since January 12, 2011, there have been 10 positions which she was not considered. Did you allege that she had applied for any of them? Once again, we do not allege that there is an application process. They knew she was interested in the managerial position. They did not put her into one. Thank you, Your Honor. Thank you. Thank both counsel for your arguments. The case just argued is submitted.
judges: Benavides, Tashima, Clifton